Dyche Real Estate Fund, Appellant, v. Graves, Appellee.

[Cite as Dyche Real Estate Fund v. Graves (1978), 55 Ohio App. 2d 153.]

(No. 77AP-639—Decided January 19, 1978.)

Mr. Richard L. Innis, for appellant.
Mr. James D. McNamara, for appellee.

Holmes, P. J. This matter involves the appeal of a judgment of the Franklin County Municipal Court which awarded counsel for the defendant third-party plaintiff the sum of $2,240 as attorney fees, purportedly in accordance with R. C. 5321.04(B) of the landlord-tenant laws of the state of Ohio.

This action began by the filing of a forcible entry and detainer action by the landlord, Dyche Real Estate Fund, against the defendant third-party plaintiff tenant with a claim of unpaid back rent. The defendant filed an answer

**154**

and third-party complaint against Dyche Real Estate Fund, alleging a violation of the landlord-tenant act, specifically R. C. 5321.04(B).

The trial court by an interim entry prior to trial ordered the tenant to deposit monthly rentals into the court or be evicted forthwith pursuant to the order.

The case was tried to a jury which returned a verdict in favor of the landlord for the stipulated amount of rentals due and found for the tenant on the third-party complaint in the amount of zero dollars.

The trial court entered its judgment on such jury verdict and ordered restitution pursuant to its prior order due to the failure of the tenant to pay the required rent.

Subsequent to the aforestated judgment, the tenant's legal counsel filed a "Motion for Award of Reasonable Attorney Fees" with memorandum in support thereof. As stated, the trial court thereafter awarded attorney fees for the tenant in the sum of $2,240.

Dyche Real Estate Fund appeals, setting forth the following assignments of error:

1. "The trial court lacked jurisdiction to award attorneys fees because the case had previously been terminated."

2. "The trial court laced jurisdiction to award attorneys fees because the issue was one for jury determination."

3. "The trial court lacked jurisdiction to award attorneys fees since the order provided that the Plaintiff was ordered to pay James D. McNamara, a person not a party to the original lawsuit."

4. "The trial court erred in awarding attorneys fees on the basis of an Interrogatory submitted to the jury over the objection of counsel and in violation of Rule 49 of the Ohio Rules of Civil Procedure."

5. "The trial court erred in awarding attorney fees in this case pursuant to Section 5321.04B."

6. "The trial court erred in awarding the sum of $2,240.00 as attorneys fees as the same is excessive, not provided for by law, and contrary to the provisions of 5321.04 of the Revised Code."

The first, second and fifth assignments of error being interrelated, we shall discuss them together.

The motion by the tenant's counsel for the award of attorney fees was made pursuant to R. C. 5321.04(B), which states as follows:

"If the landlord makes an entry in violation of division (A)(8) of this section, or makess a lawful entry in an unreasonable manner, or makes repeated demands for entry otherwise lawful which have the effect of harassing the tenant, the tenant may recover actual damages resulting therefrom and obtain injunctive relief to prevent the recurrence of the conduct, and if he obtains a judgment reasonable attorneys fees, or terminate the rental agreement."

It is the statutory scheme of this section of law to award attorney fees to a tenant where there has been a determination, based upon the facts presented, that the tenant has suffered actual damages resulting from the entry of a landlord in violation of (A)(8) of the section, or for a lawful entry in an unreasonable manner, or for a landlord who makes repeated demands for entry otherwise lawful, which have the effect of harassing the tenant.

The tenant may under such circumstances obtain injunctive relief to prevent the recurrence of the conduct. Further, if the tenant obtains such a judgment, he may also obtain reasonable attorney fees, or in the alternative terminate the rental agreement.

It is the intent of this section to award the recovery of attorney fees to a tenant where he has proven actual damages arising out of the acts of a landlord. The award of attorney fees pursuant to this statute is in effect a part of the damages awarded to the tenant for the proving of the landlord's proscribed acts.

This court has previously held, in the unreported case of *Coachlight Enterprises* v. *Donald Price*, No. 77AP-570, decided December 1, 1977, a landlord-tenant case, the issue of attorney fees is one to be submitted to the jury, and the determination of such fees, within the context of this statute, is not a matter for the trial court's consideration.

Additionally, as was the situation in the *Coachlight* case, there being no damage found by the jury, there would be no basis for a determination of attorney fees pursuant to this statute.

Further, in that a judgment entry had been entered terminating the case, pursuant to Civ. R. 58, the matter had been terminated upon the record. Accordingly, assignments of error numbers one, two and five are hereby sustained.

As to assignment of error number three, if the award of attorney fees had been pursuant to a jury determination of such fees after a finding of actual damage on the part of the tenant, the fact that the attorney was not named a party in the action would not defeat the award. The attorney would not, of course, have been a party to the proceeding. This assignment of error is hereby overruled.

As to assignment of error number four, the trial court submitted a jury verdict form with the question as to whether the Dyche Real Estate Fund had violated R. C. 5321.04. The jury answered in the affirmative, but still returned the amount of zero damages to the defendant tenant. The form of the query to the jury was in essence an interrogatory. It is improper for the trial court to *sua sponte* submit an interrogatory to the jury, such procedure being the prerogative of counsel for the parties to test the basis for a jury verdict. Additionally here, the court improperly relied upon the affirmative answer of the interrogatory in order to award the attorney fees. Accordingly, this assignment of error is hereby sustained.

As to assignment of error number six, we have previously stated that the tenant may not seek a jury award of attorney fees unless there be a finding by the jury that actual damages have been sustained by the tenant. Therefore, the judgment awarding attorney fees here was contrary to law, and in this respect the assignment of error is sustained. However, we do not say that the amount as requested here by counsel for the tenant was unlawful *per se.*

Concluding, the judgment of the Franklin County

Municipal Court pertaining to the attorney fees is hereby reversed, and the judgment on such issue is hereby entered for the Dyche Real Estate Fund.

*Judgment reversed.*

WHITESIDE and REILLY, JJ., concur.