IWENOFU ET AL., APPELLANTS, *v.*
CONSOLIDATED MANAGEMENT, INC.,
APPELLEE.

(No. 53967—Decided
June 20, 1988.)

*Nwabueze V. Okocha,* for appellants.

*Mary E. Golrick,* for appellee.

MARKUS, J. The plaintiffs-tenants appeal from the denial of their post-settlement motion for attorney fees. They demonstrated no right to recover those fees. Further, the agreed judgment which dismissed their substantive claims precludes any further recovery. Therefore, we affirm the trial court's ruling

## I

In their complaint, the tenants alleged that the defendant-landlord failed to maintain their apartment "in a condition which was safe, sanitary, and fit for human habitation." They claimed that the condition of the apartment caused them bodily injury and emotional distress. They sought (a) a declaration that they need pay no further rent, (b) $69,900 as compensatory damages, (c) $25,000 as punitive damages, and (d) "their expenses, including reasonable attorney fees, and costs of this action."

After the defendant answered and each party conducted discovery, counsel for both sides signed the following "Stipulation for Dismissal and Journal Entry":

"We, the attorneys for the respective parties, do hereby stipulate that the within action is settled and dismissed, with prejudice, at defendant's costs. [We further stipulate that there is] [n]o record, and that the court may enter an order accordingly, notice by the Clerk being hereby waived."

The court signed its approval for that entry and delivered it to the clerk for journalization. Almost seven weeks later, the tenants filed the presently disputed "Motion for Award of Attorney's Fees and Costs." They asked the court to order the landlord to reimburse them for $10,960 in attorney fees, plus approximately $300 in expenses which they do not discuss here. They supported their motion with an affidavit from their counsel who itemized his services and designated his hourly charge for those services. In their respective trial briefs, the parties agreed that they had settled the case for $1,000.

## II

Absent an enabling statute or other special circumstance, a party cannot recover attorney fees incurred in civil litigation. *Gahanna* v. *Eastgate Properties, Inc.* (1988), 36 Ohio St. 3d 65, 66, 521 N.E. 2d 814, 816; *Sorin* v. *Bd. of Edn.* (1976), 46 Ohio St. 2d 177, 179, 75 O.O. 2d 224, 225, 347 N.E. 2d 527, 528-529. In this case, the tenants rely on R.C. 5321.04, which provides in pertinent part:

"(A)  A landlord who is a party to a rental agreement shall:

"* * *

"(8)  Except in the case of emergency or if it is impracticable to do so, give the tenant reasonable notice of his intent to enter and enter only at reasonable times. Twenty-four hours is presumed to be a reasonable notice in the absence of evidence to the contrary.

"(B) If the landlord makes an entry in violation of division (A)(8) of this section, or makes a lawful entry in an unreasonable manner, or makes

repeated demands for entry otherwise lawful which have the effect of harassing the tenant, the tenant may recover actual damages resulting therefrom and obtain injunctive relief to prevent the recurrence of the conduct, and if he obtains a judgment reasonable attorney fees, or terminate the rental agreement."

However, that section provides no basis for the tenants' recovery of their attorney fees in this case. Their complaint did not allege that the landlord entered their apartment without reasonable notice, entered it in an unreasonable manner, or made repeated demands to enter it. Further, it did not allege that they suffered any damages from such conduct.

In their appellate brief, the tenants claim that the landlord's employee acknowledged in a deposition that he had made an unauthorized entry. However, the trial court had no such evidence and made no such decision. Cf. *Dyche Real Estate Fund* v. *Graves* (1978), 55 Ohio App. 2d 153, 155-156, 9 O.O. 3d 321, 322, 380 N.E. 2d 767, 768-769 (the tenant must prove damages from the described conduct to recover attorney fees pursuant to R.C. 5321.04[B]); *McGinnis* v. *Donatelli* (1987), 36 Ohio App. 3d 120, 122, 521 N.E. 2d 513, 515 (a tenant cannot recover attorney fees pursuant to R.C. 5321.16 unless the court expressly finds that the landlord wrongfully withheld a security deposit).

A tenant cannot rely on R.C. 5321.04(B) to recover attorney fees for claims which do not relate to the landlord's entry into the rented premises. Cf. *Smith* v. *Padgett* (1987), 32 Ohio St. 3d 344, 513 N.E. 2d 737, paragraph four of the syllabus (attorney fees allowed by R.C. 5321.16 must relate to the recovery of a wrongfully withheld security deposit). Thus, these tenants could not recover any attorney fees they incurred to ob-

tain a judgment for damages resulting from an unsafe or unsanitary apartment.

Moreover, R.C. 5321.04 will not justify an award of attorney fees unless the tenant "obtains a judgment" for such conduct. These tenants did not "obtain a judgment" by agreeing to the dismissal of their claims. Cf. *Hensley* v. *Henry* (1980), 61 Ohio St. 2d 277, 279, 15 O.O. 3d 283, 284, 400 N.E. 2d 1352, 1353. The tenant must recover the claimed attorney fees as part of his damages, rather than as costs recoverable later. *Dyche Real Estate Fund* v. *Graves, supra,* at 155, 9 O.O. 3d at 322, 380 N.E. 2d at 769; cf. *McGinnis* v. *Donatelli, supra.*

Finally, the agreed dismissal precluded any further recovery. When the tenants later sought their attorney fees, that prior dismissal judgment barred their claim as *res judicata.* Cf. *McGinnis* v. *Donatelli, supra.*

Therefore, we overrule the tenants' single assigned error and affirm the trial court's denial of their motion for attorney fees.

*Judgment affirmed.*

PATTON, P.J., and DYKE, J., concur.