**O'HARA REALTY, Appellee,**

v.

**LLOYD, Appellant.**

[Cite as *O'Hara Realty v. Lloyd* (1996), 116 Ohio App.3d 439.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 95–CO–68.

Decided Dec. 6, 1996.

*William J. Telzrow,* for appellee.

*Milton A. Hayman,* for appellant.

JOSEPH E. O'NEILL, Presiding Judge.

This timely appeal arises out of the Columbiana County Southwest Area Court granting plaintiff-appellee judgment in its action for eviction of the defendant-appellant. When the action was filed, the appellant counterclaimed in excess of $11,000 based upon various failures of the appellee to maintain the premises involved. The county court found this counterclaim to be without merit. This decision by the trial judge was arrived at following a trial to the court upon all the issues raised, the complaint for eviction, and the counterclaim. Following the hearing, the trial judge signed and filed a judgment entry which reads as follows:

"Based upon the foregoing testimony and exhibits, the Court grants the Plaintiff's 1st case [sic] of Action for eviction of the Defendant and orders that the Defendant have his trailer removed within thirty days or the Plaintiff may petition the Court for a Writ of Restitution. Further, the Court finds that the Defendant's Counterclaim is without merit and denies the same.

"This matter shall come on for further hearing on Plaintiff's Second Cause of Action on October 11, 1995, at 10:45 A.M."

A timely notice of appeal was filed directed to this judgment entry.

■ For his first assignment of error, the appellant, Jeffrey S. Lloyd, contends that the trial court erred in hearing and dismissing defendant-appellant's counterclaim, which exceeded the court's monetary jurisdiction. In furtherance of this assignment of error, the appellant directs our attention to R.C. 1907.03(B), which reads as follows:

"If a counterclaim is filed in a civil action in a county court and the counterclaim exceeds three thousand dollars, the county court shall certify the action to the court of common pleas."

■ The trigger words in the foregoing statute are "If a counterclaim is filed." Once a counterclaim in excess of $3,000 is filed in the county court, the county court must certify the action to the court of common pleas.

"When an action in forcible entry and detainer is filed in a municipal court and involves several issues which the municipal court does not have jurisdiction to determine, it is error for the court to decide only the forcible entry and detainer part of the case, rather than transferring the entire action to the common pleas court for a complete adjudication upon all the issues involved." *Richwood Homes, Inc. v. Brown* (1981), 3 Ohio App.3d 204, 3 OBR 232, 444 N.E.2d 463, paragraph two of the syllabus.

"Under R.C. 1911.011(E), the judge in the county court *shall* certify proceedings to the court of common pleas when the amount claimed by any defendant in

any statement of counterclaim exceeds the jurisdictional amount defined in R.C. 1909.04, and it is error for the county court to proceed to hear the case even after defendant agrees to remit any amounts awarded in excess of the jurisdictional amount." (Emphasis *sic.*) *Fay Gardens Mobile Home Park v. Newman* (1983), 14 Ohio App.3d 144, 14 OBR 160, 470 N.E.2d 164, paragraph three of the syllabus.

Accordingly, the judgment of the county court is reversed, and this cause is remanded with instructions to certify this case to the common pleas court.

*Judgment reversed*
*and cause remanded.*

GENE DONOFRIO and COX, JJ., concur.