DECISION AND JUDGMENT ENTRY
Justin Foll appeals the judgment of the Pickaway County Court of Common Pleas, Juvenile Division, finding him to be a delinquent child. Foll asserts that the trial court's determination is based upon insufficient evidence and is against the manifest weight of the evidence. We disagree because the record contains competent, credible evidence of his guilt and because, after reviewing the entire record, we find substantial evidence upon which the court could reasonably conclude that the state proved all the elements of the offenses beyond a reasonable doubt. Accordingly, we affirm the judgment of the trial court.
 I.
Foll was born on October 4, 1982. In October 2000, the state of Ohio filed a complaint against Foll charging him with two delinquency counts of sexual imposition, violations of R.C. 2907.06(A)(1), misdemeanors of the first degree if committed by an adult, and two delinquency counts of gross sexual imposition, violations of R.C. 2907.05(A)(1), felonies of the fourth degree if committed by an adult.
The charges against Foll arose from several similar incidents occurring in September 2000. In each incident, the victim was a classmate of Foll's at Logan Elm High School. The first sexual imposition charge alleged that Foll pinched Mary Wolfe in the crotch area during study hall, causing bruising to her inner thigh. The second sexual imposition charge alleged that Foll grabbed Tiffany Largent by her breasts and pulled her down toward him on the bleachers in the gym during study hall. One of the gross sexual imposition charges arose from Foll allegedly biting Melissa Ferguson on her breast. The second gross sexual imposition charge arose from Foll allegedly biting Ferguson both on her breast and in her groin area. Foll bruised Ferguson's breast and caused her groin to hurt.
Foll denied the charges, and the trial court held an adjudicatory hearing on January 4, 2001 and January 12, 2001. Each of the victims testified, as did Mary Wolfe's mother, Melissa Ferguson's mother, and Amanda Vickers,[1] who each testified to observing bruises on the victims. The victims and Amanda Vickers testified not only about their own experiences with Foll, but also about times that they witnessed Foll pinching, grabbing or biting the other victims. Additionally, Foll's parole officer testified that Foll admitted to her that he had "cow bitten" Mary Wolfe and Amanda Vickers.
Foll presented the testimony of three students who testified that they never saw Foll pinch, grab or bite the victims, but admitted they did not watch Foll all the time. Foll also presented the testimony of a guidance counselor, William Frost, who testified that none of the victims ever complained to him about Foll. However, Frost acknowledged that the girls might have gone to another guidance counselor, and Frost's testimony indicated that he did not realize that Foll was suspended from school for touching female students inappropriately.
The court found that Foll committed the acts alleged, adjudicated him a delinquent child, and committed him to the Ohio Department of Youth Services. Foll appeals, asserting the following assignments of error:
THE LOWER COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT CONVICTED HIM OF GROSS SEXUAL IMPOSITION AND SEXUAL IMPOSITION IN THE ABSENCE OF SUFFICIENT, CREDIBLE EVIDENCE.
THE LOWER COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT RENDERED A DECISION CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
 II.
In his first assignment of error, Foll asserts that the trial court's judgment is not supported by legally sufficient evidence.
The Ohio Supreme Court clearly outlined the role of an appellate court presented with a sufficiency of evidence argument in State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
See, also, Jackson v. Virginia (1979), 443 U.S. 307, 319. This test raises a question of law and does not allow the court to weigh the evidence. State v. Martin (1983), 20 Ohio App.3d 172, 175. Rather, this test "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson,443 U.S. at 319. Accordingly, the weight given to the evidence and the credibility of witnesses are issues primarily for the trier of fact.State v. Thomas (1982), 70 Ohio St.2d 79, 79-80; State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
To prove that Foll committed acts constituting sexual imposition, a violation of R.C. 2907.06(A)(1) if committed by an adult, the state had to present evidence that Foll had sexual contact with the victims when he knew or should have known that the sexual contact was offensive to the victims and he was not married to the victims. "Sexual contact" is defined by R.C. 2907.01(B) as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the other person is a female, a breast, for the purpose of sexually arousing or gratifying either person." In determining whether the offender intended for a touching to be sexually arousing or gratifying, the trier of fact may consider the type, nature and circumstances surrounding the touching, as well as the mental state and personality of the offender. In re Anderson (1996), 116 Ohio App.3d 439
[116 Ohio App.3d 441], 443-444; State v. Mundy (1994),99 Ohio App.3d 275, 289; State v. Cobb (1991), 81 Ohio App.3d 179,185. The mere act of touching may constitute strong evidence of intent.Anderson at 444.
Mary Wolfe testified that Foll had sexual contact with her by pinching her crotch area, that she was offended by the contact, and that Foll was not her spouse. Melissa Ferguson testified that she witnessed Foll pinching Mary Wolfe. Mary Wolfe's mother testified that she saw thumbprint-like bruises on her daughter's inner thigh around the time of the incident. The testimony indicated that Foll acted intentionally when he pinched Mary Wolfe's crotch.
Tiffany Largent testified that Foll had sexual contact with her by grabbing both of her breasts and pulling her down toward him, and that Foll was not her spouse. She was offended by the touching, and told Foll so as she elbowed him. Mary Wolfe and Melissa Ferguson testified that they witnessed Foll grabbing Tiffany Largent's breasts. Their testimony indicated that Foll acted intentionally in grabbing Tiffany Largent's breasts.
We find that the above testimony, when viewed in a light most favorable to the prosecution, could convince a rational trier of fact beyond a reasonable doubt that Foll committed sexual imposition upon Mary Wolfe and Tiffany Largent.
In order to prove that Foll committed acts constituting gross sexual imposition if committed by an adult, the state had to present evidence that he caused the victim, who was not his spouse, "to have sexual contact with the offender, when the offender purposely compelled the other person to submit by force or threat of force." Pursuant to R.C.2901.01(A)(1), "force" is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing."
Melissa Ferguson testified that Foll forced sexual contact upon her when, on two occasions, he bit her breasts and, on the second occasion, he also bit her groin area. On both occasions, Foll pulled Melissa Ferguson down in order to bite her breasts. On the second occasion, as she struggled to get away, he bit her groin area. Foll bruised Melissa Ferguson's breasts. Tiffany Largent witnessed Foll bite Melissa Ferguson on the first occasion. Mary Wolfe witnessed Foll bite Melissa Ferguson on the second occasion. Melissa Ferguson's mother and Mary Wolfe both observed bruises that resulted from the bites on Melissa Ferguson's breasts.
We find that the above testimony, when viewed in a light most favorable to the prosecution, could convince a rational trier of fact beyond a reasonable doubt that Foll committed gross sexual imposition upon Melissa Ferguson on two occasions.
In sum, we find that the trial court's findings with regard to each offense are supported by sufficient evidence. Accordingly, we overrule Foll's first assignment of error.
 III.
In his second assignment of error, Foll asserts that the trial court's finding that he committed sexual imposition and gross sexual imposition is against the manifest weight of the evidence.
The test for determining whether a conviction is against the manifest weight standard is much broader than that for examining the sufficiency of the evidence. State v. Banks (1992), 78 Ohio App.3d 206, 214; Statev. Martin (1983), 20 Ohio App.3d 172, 175. In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted.State v. Garrow (1995), 103 Ohio App.3d 368, 370-71; Martin,20 Ohio App.3d at 175. "A reviewing court will not reverse a conviction where there is substantial evidence upon which the court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." State v. Eskridge (1988), 38 Ohio St.3d 56, paragraph two of the syllabus.
In this case, the evidence that Foll engaged in offensive sexual contact with Mary Wolfe and Tiffany Largent and forcibly engaged in sexual contact with Melissa Ferguson on two occasions consists of the testimony of the victims, the corroborating testimony of witnesses to the contact, and the corroborating testimony of witnesses to the resulting bruises. Foll presented witnesses who did not observe these incidents. However, those witnesses admitted that they did not observe Foll constantly. If Foll's witnesses' testimony had conflicted with the testimony of the victims and their witnesses, the trial court was free to weigh the credibility of the witnesses as it saw fit.
Based upon our review of the entire record, we do not believe that, in resolving conflicts in the evidence, the trier of fact lost its way and created a manifest miscarriage of justice. The trial court's findings are not against the manifest weight of the evidence. Accordingly, we overrule Foll's second assignment of error, and affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and Evans, J., Concur in Judgment and Opinion.
_____________________ Roger L. Kline, Judge
[1] Amanda Vickers testified that Foll also touched her in a similar, offensive manner. Amanda Vickers admitted, however, that Foll was her boyfriend at or around the time he committed those acts. The state did not pursue charges against Foll with regards to Amanda Vickers.