OPINION
{¶ 1} Plaintiff, Teddy C. Ryan, Jr., appeals from a judgment of the County Court of Montgomery County, Area One, in favor of Defendant, Craig A. Kenley, on Ryan's forcible entry and detainer claim. Ryan presents a single assignment of error on appeal:
 {¶ 2} "The Trial Court Did Not Have Jurisdiction To Find That The Appellee Was The Equitable Owner Of 524 Hazelhurst, New Lebanon, Ohio And This Decision Constituted An Abuse Of Discretion."
 {¶ 3} Actions for forcible entry and detainer may be brought against tenants in possession under an oral tenancy who are in default in payment of rent. R.C. 1923.02(A)(2). A landlord who proves the breach is entitled to possession of the premises. R.C. 1923.02(B). A county court has original jurisdiction within its district in actions for forcible entry and detainer. R.C. 1907.031(A)(6).
 {¶ 4} Ryan commenced the underlying action on a claim that he is the owner of residential real property located at 524 Hazelhurst Street, New Lebanon, that Defendant Kenley is a tenant who resides there under the terms of an oral lease agreement, and that Kenley had failed to make three monthly rental payments and was therefore in breach of the lease agreement. Ryan requested restitution of the premises.
 {¶ 5} Kenley filed an answer admitting Ryan's legal title but claiming an "equitable title to the property". Kenley also claimed that there was no lease, as such, and no monthly payments due, and that the parties had agreed that he could remain in the premises until Ryan made certain payments he yet owed in connection with his purchase of the property from Kenley.
 {¶ 6} The court conducted a hearing on the complaint. It found that title to the property was previously transferred by Kenley to Ryan when Kenley needed funds to settle a divorce obligation, but that Ryan failed to pay the full consideration promised. The court further found that the parties had never entered a lease agreement, and that their intention was that Kenley would remain a beneficial owner and continue to reside in the premises. The court concluded that Kenley is the "equitable owner" of the property and, therefore, that Ryan is not entitled to restitution of the premises even though he holds the legal title to the property.
 {¶ 7} The court entered judgment for Defendant Kenley on Plaintiff Ryan's forcible entry and detainer claim. The court transferred all remaining claims to the court of common pleas for that court's determination in a quiet title action between these parties that was then pending.
 {¶ 8} Ryan contends that the county court could not entertain Kenley's equitable title defense or, on that basis, find that Kenley owns an equitable title in the land in derogation of Ryan's legal title, because the court lacked jurisdiction to do those things.
 {¶ 9} County courts are statutory courts. See R.C. 1907.01. R.C. 1907.05 states:
 {¶ 10} "County courts have jurisdiction in civil actions in which the title to real estate may be drawn in question as follows:
 {¶ 11} "(A) In actions for trespass on real estate in which the damages demanded do not exceed three thousand dollars;
 {¶ 12} "(B) In actions to recover from the owner of adjoining land the equal proportion to the expense incurred in obtaining evidence in surveys to fix corners or settle boundary lines."
 {¶ 13} R.C. 1907.05 limits the jurisdiction of county courts in civil actions in which the title to real property is disputed to those matters identified in paragraphs (A) and (B) of that section. Those matters do not comprehend claims for forcible entry and detainer. Therefore, R.C. 1907.05 creates an exception to the general jurisdiction conferred by R.C. 1907.031(A)(6) on county courts to hear and determine actions for forcible entry and detainer when the claims or defenses presented bring the title to the real property concerned "in question."
 {¶ 14} Kenley's equitable title defense against Ryan's claim for forcible entry and detainer brought the matter of Ryan's legal title in question. The action was not one for trespass or to recover from an owner of adjoining lands. Therefore, the county court lacked jurisdiction to enter a judgment on the merits which adopted Kenley's defense to Ryan's claim.
 {¶ 15} Plaintiff Ryan urges us to reverse the trial court's judgment for Kenley and to grant relief that would award Ryan restitution of the premises. App.R. 27 permits us to remand the case to the county court to order that relief or to conduct further proceedings on Ryan's complaint. However, that form of relief would likewise be granted in an action in which the county court is deprived of jurisdiction by R.C.1907.031(A)(6). That section pertains to the entire action and the court's jurisdiction in the action. It does not pertain merely to the particular claim or defense that brings title to real property in question.
 {¶ 16} It has been held that when an action in forcible entry and detainer is filed in municipal court and involves several issues which the municipal court does not have jurisdiction to determine, it is error for the court to decide only the forcible entry and detainer claim for relief, rather than to transfer the entire action to the common pleas court for complete adjudication upon all issues involved. O'Hara Realtyv. Lloyd (1996), 116 Ohio App.3d 439.
 {¶ 17} We agree with the sense of O'Hara that judicial economy is better served when all competing and related claims for relief between parties are determined by the same court in a single action. The quiet title action before the court of common pleas, to which the county court referred the other claims before it, is such a vehicle for relief.
 {¶ 18} Plaintiff Ryan's assignment of error is sustained. The judgment from which the appeal was taken will be reversed, and the cause will be remanded to the trial court on our special mandate to also refer the forcible entry and detainer claims and defenses to the common pleas court for its determination in the quiet title action.
BROGAN, J. and WOLFF, J., concur.