JOURNAL ENTRY AND OPINION
Plaintiffs-appellants Shirley A. Farkas and Steven Farkas appeal from the jury verdict in favor of Shirley Farkas and against defendant-appellee Ernest W. Ramage in the amount of $2,894.36. For the following reasons, we affirm the judgment of the trial court.
On September 21, 1998, appellants filed the underlying lawsuit for damages allegedly sustained in a rear-end motor vehicle accident caused by appellee. Appellee admitted negligence and, on October 27, 1999, a jury trial commenced on the issues of causation and damages. After deliberation, the jury returned a verdict in favor of Shirley Farkas in the amount of $2,894.36. Therefrom, appellants filed a timely notice of appeal with this court.
 I. THE TRIAL COURT ERRED IN FAILING OR REFUSING TO GRANT PLAINTIFF'S MOTION IN LIMINE TO EXCLUDEEVIDENCE OF THE DEFENDANT'S CLAIMED BRAKE FAILURE.
 III. THE TRIAL COURT ERRED IN REFUSING TO INSTRUCT THE JURY THAT THE CLAIMED BRAKE FAILUREIS NOT AN EXCUSE FOR A VIOLATION OF OHIO REVISED CODE § 4511.21(A) IMMEDIATELY UPON THE DIRECT TESTIMONY OF THE DEFENDANT.
In the first assignment of error, appellants argue the trial court erred in denying their motion in limine to exclude evidence that appellee's vehicle experienced brake failure. As for their third assignment of error, appellants insist that the trial court erred in refusing to instruct the jury that appellee's alleged brake failure did not excuse his liability.
As appellants note, [a]n emergency caused by brake failure cannot serve as a legal excuse for defendant's failure to comply with the assured-clear-distance-ahead provision of Section 4511.21, Revised Code. Stump v. Phillians (1965), 2 Ohio St.2d 209, 211. As such, appellants insist that the evidence appellee presented regarding brake failure was irrelevant and prejudicial.
We find that any error in this regard was remedied by the court's thorough jury instructions. After instructing the jury on assured clear distance, the trial court stated:
 An assured clear distance rule applies in this case, and it was violated in this case. And you must accept the driver to be negligent. Therefore, you can't decide that he wasn't negligent. That is not an option. You are to decide whether his negligence was a proximate cause of the injury or not.
(Tr. 150.)
The trial court directed the jury that appellee was negligent — the instruction did not permit the jury to excuse appellee's negligence based upon brake failure. The Supreme Court of Ohio has held that instructions are an effective means of remedying errors or irregularities which occur during trial. See State v. Zuern
(1987), 32 Ohio St.3d 56, 61. Juries are presumed to follow any instructions given by a trial court. State v. Henderson (1988),39 Ohio St.3d 24, 33. We find that the trial court's jury instructions were effective in this case.
Moreover, appellants failed to demonstrate that they were prejudiced by the testimony concerning break failure. In fact, the jury verdict in favor of Mrs. Farkas indicates that the jury did not excuse appellee's negligence in this regard. Appellants insist that the relatively low jury award was a result of prejudicial evidence of brake failure; however, we find that amount of the verdict to be a reflection of the evidence presented and appellants' failure to prove their alleged damages to the jury. Appellants' first and third assignments of error are overruled.
 II. THE TRIAL COURT ERRED IN THIS ADMITTED NEGLIGENCE CASE INVOLVING A REAR-END COLLISION IN FAILING OR REFUSING TO GRANT A DIRECTED VERDICT IN FAVOR OF THE PLAINTIFF AT THE CLOSE OF PLAINTIFF'S EVIDENCE, AT THE CLOSE OF DEFENDANT'S EVIDENCE AND AT THE CLOSE OF ALL OF THE EVIDENCE.
In their second assignment of error, appellants claim that the trial court erred in denying their motion for a directed verdict on the issues of negligence and liability. The jury returned a verdict in favor of Shirley Farkas and against appellee in the amount of $2,894.36. This verdict clearly demonstrates that the jury found appellee negligent and liable for the awarded damages. As such, we find that appellants were not prejudiced by any alleged error in this regard. Appellants' second assignment of error is summarily overruled.
 IV. THE TRIAL COURT ERRED IN REFUSING TO GRANT PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE PHOTOGRAPHS OF THE DEFENDANT'S VEHICLE AND THE PLAINTIFF'S VEHICLE DESPITE THE FACT THAT THERE WAS NO CLAIM IN THIS CASE FOR PROPERTY DAMAGE.
In the fourth assignment of error, appellants contend that the trial court erred in denying their motion in limine to exclude photographs of the vehicles involved in the subject accident. Appellants moved to exclude the photographs prior to opening statements — the trial court overruled the motion in limine. At the end of appellee's case, the photographs were admitted into evidence without objection from appellants.
"A motion in limine is tentative and precautionary in nature, reflecting the court's anticipatory treatment of an evidentiary issue at trial." State v. Engle (1996), 74 Ohio St.3d 525, 529. "[F]ailure to object to evidence at the trial constitutes a waiver of any challenge, regardless of the disposition made for a preliminary motion in limine." State v. Grubb (1986), 28 Ohio St.3d 199,203, quoting State v. Wilson (1982), 8 Ohio App.3d 216.
Appellants waived this issue when they failed to object to the admission of the photographs at the end of appellee's case-in-chief. Appellants' fourth assignment of error is overruled.
 V. THE COURT COMMITTED ERROR IN FAILING TO INSTRUCT THE JURY CONCERNING INFERENCES UPON INFERENCES, THE COURT PERMITTED THE JURY TO INFER THAT LITTLE OR NO DAMAGE TO THE VEHICLES WOULD RESULT IN VERY LITTLE FORCE OR IMPACT, AND FROM THAT INFERENCE THAT A SMALL IMPACT COULD NOT PRODUCE ANY SIGNIFICANT DAMAGES OR INJURIES.
In their fifth assignment of error, appellants claim that the trial court failed to instruct the jury regarding inferences upon inferences. However, the record indicates that the trial court provided the jury with the following instruction on inferences:
 To infer or to make an inference is to reach a reasonable conclusion of fact which you make, but are not required to do, make from other facts which you find have been established by direct evidence. Whether an inference is made rests entirely with the jury.
 You can reach a reasonable conclusion about a fact or facts only from other facts that have been proved by the greater weight of the evidence. But you may not make a conclusion about a fact or facts from a speculative or remote basis that has not been established by the greater weight of the evidence.
Tr. 139-140 (emphasis added).
We find that the trial court correctly instructed the jury regarding inferences. The court's charge on inferences did not permit the jury to build one inference upon another — the charge only allowed the jury to base inferences upon proven facts. [J]urors are presumed to have followed the trial court's instructions. State v. Robb (2000) 88 Ohio St.3d 59, 86. Appellants' fifth assignment of error is without merit.
 VI. THE COURT ERRED IN SUBMITTING INTERROGATORIES TO THE JURY WHEN NONE WERE REQUESTED BY EITHER COUNSEL FOR PLAINTIFF OR COUNSEL FOR THE DEFENDANT.
In the sixth assignment of error, appellants assert that the trial court erred in sua sponte submitting interrogatories to the jury. Appellants rely on Civ.R. 49(B), which provides in part:
 The court shall submit written interrogatories to the jury, together with appropriate forms for a general verdict, upon request of any party prior to the commencement of argument. Counsel shall submit the proposed interrogatories to the court and to opposing counsel at such time. * * * (Emphasis added.)
As this court held in Sweet v. Clare-Mar Camp, Inc. (1987),38 Ohio App.3d 6, 11:
 We have previously held that a court is prohibited from sua sponte submitting interrogatories to the jury. Dawson v. Cleveland Metropolitan Gen. Hosp. (Nov. 20, 1986), Cuyahoga App. Nos. 51052 and 51779, unreported, at 19 [available on WESTLAW, 1986 WL 13323]. This position, which is consistent with the language of Civ.R. 49, also has been adopted by the Franklin County Court of Appeals. See Dyche Real Estate Fund v. Graves (1978), 55 Ohio App.2d 153, 9 O.O.3d 321, 380 N.E.2d 767. Civ.R. 49 clearly grants to the parties the sole prerogative of requesting interrogatories in order to test the basis of the jury's verdict. The function of the trial court in charging the jury is to delineate the issues and to provide the law of the case and necessary procedural instructions. By sua sponte submitting interrogatories, a trial court infringes upon the parties' right to structure their case.
However, the opinion in Sweet ultimately held that the suasponte submission of jury interrogatories by the trial court was harmless error. Id. In the instant case, appellants have failed to demonstrate how they were prejudiced by the court's jury interrogatories. Therefore, the sixth assignment of error is overruled.
 VII. THE COURT ERRED IN REFUSING TO GIVE INSTRUCTIONS BEFORE FINAL ARGUMENT TO THE JURY WHICH WERE SUBMITTED BY COUNSEL FOR THE PLAINTIFF IN WRITING AND WHICH WERE CORRECT STATEMENTS OF THE LAW.
In the seventh assignment of error, appellants challenge the trial court's failure to read their proposed instructions verbatim to the jury.
Pursuant to Civ.R. 51(A), appellants filed a written request with the trial court for a proposed jury charge regarding proximate cause, aggravation of a pre-existing condition, permanent injury, and loss of consortium. During its charge to the jury, the trial court provided its own instructions on these issues.
Ordinarily, requested instructions should be given if they are correct statements of the law applicable to the facts in the case.Murphy v. Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585, 591. However, the trial court is not required to use the proposed jury instruction verbatim — the court need only include the substance of the proposed instruction. Youssef v. Parr, Inc. (1990), 69 Ohio App.3d 679,690.
Upon review of the record, we find that the trial court properly instructed the jury on proximate cause, aggravation of a pre-existing condition, permanent injury, and loss of consortium. Appellants' seventh assignment of error is overruled.
 VIII. THE COURT COMMITTED PREJUDICIAL ERROR WHEN THE COURT CARRIED ON A CONTINUING DIALOGUE WITH THE JURY DISCUSSING THE DIFFERENCE BETWEEN CRIMINAL AND CIVIL BURDENS OF PROOF, THE NUMBER OF CRIMINALS TO BE SENTENCED; THE HISTORY OF CHINESE CRIMINALS, AND OTHER IRRELEVANT COMMENTS.
 X. THE COURT ERRED IN SUBMITTING VERDICT FORMS TO THE JURY IN WHICH DEFENDANT COULD BE FOUND NOT LIABLE IN THIS ADMITTED NEGLIGENCE AND ADMITTED LIABILITY CASE.
In the eighth assignment of error, appellants argue that the trial court erred in discussing irrelevant criminal law and an unrelated criminal case with the jury. As for the tenth assignment of error, appellants challenge the verdict forms submitted to the jury.
Appellant failed to present any citation to authority in support of these arguments as required by App.R. 16(A)(7). Therefore, this court is permitted to disregard appellants' eighth and tenth assignments of error without analysis. See, e.g.,Linetsky v. Broadway Optical (Mar. 30, 2000), Cuyahoga App. No. 76078, unreported, citing Rini v. Rini (Oct. 21, 1999), Cuyahoga App. No. 74309, unreported; Meerhoof v. Huntington Mortgage Co.
(1995), 103 Ohio App.3d 164, 169.
 IX. THE COURT ERRED IN FAILING TO COMPLY WITH THE MANDATE OF OHIO REVISED CODE SECTION 2315.01, SUBSECTION (A)(7) WHEN THE COURT PROCEEDED TO CONDUCT OTHER BUSINESS OF THE COURT FOLLOWING THE CLOSE OF THE EVIDENCE AND ARGUMENTS BEFORE HIS CHARGE TO THE JURY.
In their ninth assignment of error, appellants claim that the trial court erred in ordering a short recess in their civil case to conduct a plea hearing. Appellants insist that the court was required to charge the jury before conducting any other business. Appellants rely on R.C. 2315.01(A)(7), which was enacted in 1996 as part of Am. Sub. H.B. 350.
In State ex rel. Ohio Academy of Trial Lawyers v. Sheward
(1999), 86 Ohio St.3d 451, the Supreme Court of Ohio held that "Am. Sub. H.B. No. 350 (the Tort Reform Act) violates the one-subject provision of § 15(D), art II of the Ohio Constitution, and is unconstitutional in toto." Id. at paragraph three of the syllabus.
However, the pre-Tort Reform Act version of R.C. 235.01(G), which is once again effective, contains identical language to the stricken statute cited by appellants. R.C. 2315.01(G) states:
 (G) The court, after the argument is concluded, before proceeding with other business, shall charge the jury. * * *
Assuming arguendo that the trial court violated R.C.2315.01(G) by affording the jury a short recess while it conducted a plea hearing, appellants have failed to show how they were prejudiced by this recess. In order to constitute reversible error, appellants must demonstrate that they were prejudiced by the alleged violation of R.C. 2315.01(G). Accord Armstrong v.Kittinger (Sept. 21, 1994), Summit App. Nos. 16124, 16378, unreported. Therefore, appellants' ninth assignment of error is overruled.
 XI. THE COURT'S GENERAL CHARGE TO THE JURY WAS ERRONEOUS.
As for their eleventh assignment of error, appellants claim that the trial court's jury instructions were erroneous. Although their argument is muddled, appellants apparently contend that the trial court erred in: (1) failing to instruct the jury that the assured clear distance statute was violated; and (2) instructing the jury on the duty to mitigate. Initially, we note that the trial court instructed the jury that [a]n assured clear distance rule applies in this case, and it was violated in this case. (Tr. 150.)
Appellants also challenge the following jury charge on mitigation:
 A person who has been injured has a duty to use reasonable effort under all circumstance to avoid loss and/or lessen damages and/or prevent aggravation of those injuries, and to recover from those injuries. (Tr. 151.)
Jury instructions should be given if they are correct statements of law. Murphy v. Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585,591. However, an instruction should not be given if there is no evidence to support an issue. Id. Appellants do not dispute that the court's instruction was an accurate statement of the law of mitigation. Instead, appellants insist that this instruction should not have been given because there was no evidence to support the issue of mitigation.
It is well established that a plaintiff who is injured by the tort of another has a duty to mitigate and may not recover damages that could have been avoided. See Johnson v. Univ. Hosp. ofCleveland (1987), 44 Ohio St.3d 49, 57. The duty to mitigate includes the responsibility of avoiding unnecessary medical expenses. In the instant case, Mrs. Farkas piled up approximately $20,000 in medical expenses for injuries allegedly sustained in a relatively minor accident. Under these circumstances, a jury instruction on mitigation was appropriate. The eleventh assignment of error is overruled.
 XII. THE COURT ERRED WHEN IT FAILED TO NOTIFY COUNSEL FOR THE PLAINTIFF AND COUNSEL FOR THE DEFENDANT THAT THE JURY HAD SUBMITTED A QUESTION IN WRITING TO THE COURT DURING THEIR [SIC] DELIBERATIONS.
In their twelfth assignment of error, appellants claim that the trial court communicated with the jury during deliberations without informing the parties. This contention belies the record.
As a general rule, communications which occur between the judge and jury outside of the presence of the parties is error; however, such ex parte communication is harmless error if a party is not prejudiced. Bostic v. Connor (1988), 37 Ohio St.3d 144,149.
In the instant case, the jury submitted three written questions to the court during their deliberations. Appellants' counsel was immediately informed in open court of the jury's written queries, and the trial court's intention to re-instruct the jury. (Tr. 177). Appellants' twelfth assignment of error is without factual basis and, therefore, is summarily overruled.
 XIII. THE COURT ERRED WHEN THE FIRST JURY VERDICT WAS PRESENTED AND THE TRIAL COURT THEN INSTRUCTED THE JURY TO RETURN TO THE JURY ROOM STATING, I AM GOING TO LET YOU CONFER WITH THE BAILIFF AND GO THROUGH THE FORM SHE'S GIVEN YOU.
In their final assignment of error, appellants challenge the trial court's handling of conflicting jury interrogatories and general verdict forms.
Civ.R. 49(B) states in part:
 When the general verdict and the answers are consistent, the appropriate judgment upon the verdict and answers shall be entered pursuant to Rule 58. When one or more of the answers is inconsistent with the general verdict, judgment may be entered pursuant to Rule 58 in accordance with the answers, notwithstanding the general verdict, or the court may return the jury for further consideration of its answers and verdict or may order a new trial.
In the instant case, the jury initially indicated in a jury interrogatory an award of damages in favor of Mrs. Farkas in the amount of $2,894.36. However, the jury's response to this interrogatory was inconsistent with their verdict form. Therefore, the trial court sent the jury back for further consideration of its responses. We find the court's actions to be consistent with Civ.R. 49(B). Moreover, the jury ultimately returned a verdict form in favor of Mrs. Farkas in the amount of $2,894.36. This final verdict form was consistent with the jury's original response to the jury interrogatory. Therefore, appellants failed to demonstrate any prejudice in this regard. Appellants' thirteenth assignment of error is without merit.
It is ordered that appellee recover of appellants his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.