WOODSIDE TERRACE MOBILE HOME
OWNERS ASSOCIATION ET AL.,
APPELLANTS, *v.* WOODSIDE TERRACE
COMPANY LIMITED ET AL.,
APPELLEES.

(No. L-87-350—Decided
August 12, 1988.)

*Thomas J. Sheperak,* for appellants.

*Susan Hartman Muska,* for appellees.

*Per Curiam.* This cause is before the court on appeal from judgments of the Lucas County Common Pleas Court.

Appellants, Woodside Terrace Mobile Home Owners Association et al., timely appealed, asserting the following assignments of error:

"I.   The trial court erred in releasing rent deposited by certain plaintiffs with the clerk of court pursuant to Section 3733.12, O.R.C.

"II.   The trial court erred in refusing to provide plaintiffs with written findings of fact and conclusions of law following its order releasing rent deposited with the clerk.

"III.   The trial court erred in assessing costs against plaintiffs in its order releasing rent deposited with the clerk.

"IV.   The trial court erred in finding no justiciable issues existed for declaratory relief in granting defendants' motion for summary judgment.

"V.   The trial court erred in finding that the plaintiffs entered lease agreements voluntarily in granting defendants' motion for summary judgment.

"VI. The trial court erred in failing to hear evidence of unconscionable clauses in the lease agreement in granting defendants [sic] motion for summary judgment.

"VII. The trial court erred in denying plaintiffs' right to equitable relief in granting defendants' motion for summary judgment.

"VIII. The trial court erred in granting defendants' motion for summary judgment.

"IX. The trial court erred in granting defendants' motion to impose sanctions against plaintiffs and in awarding defendants judgment in the sum of $280.00."

On July 29, 1986, pursuant to R.C. 3733.12(A), appellants gave to appellees written notice of noncompliance with rental agreement and/or statutes, specifying the acts, omissions, or code violations that constituted noncompliance. On September 3, 1986, more than thirty days later, appellants filed applications to deposit rent with the clerk of the common pleas court, pursuant to R.C. 3733.12 (B). Appellants also filed a complaint for declaratory and injunctive relief and money damages. Thereafter, on September 29, 1986, appellees filed an "Application for Release of Rent." The court held a hearing on October 10, 1986, where testimony and evidence were taken as to whether the tenants properly deposited the rents in escrow. Thereafter, on November 7, 1986, the court granted appellees' application for release of rent deposits. The case then proceeded to a final decision of September 18, 1987, wherein the court granted appellees' motion to dismiss the association as a party plaintiff as to the plaintiff association's claim for money damages, and granted appellees' motion for summary judgment on appellants' complaint's counts one, two, three, four, six, and seven, and count five as it related to a request for equitable relief.[1]

In their first assignment of error, appellants contend that the trial court erred in releasing the rent deposited with the clerk of courts.

The procedure to be followed in applying for a release of deposited rent is enunciated in R.C. 3733.122(B) which states:

"The resident shall be named as a party to any action filed by the park operator under this section, and shall have the right to file an answer and counterclaim, as in other civil cases. A trial shall be held within sixty days of the date of filing of the park operator's complaint, unless for good cause shown the court grants a continuance."

Thus, upon receiving notification of the rental deposit from the clerk, it was up to appellees to file a complaint, naming appellants as defendants. Appellees filed what was captioned "Application to Release Rent Deposit" on September 29, 1986, with appellants listed as plaintiffs and appellees listed as defendants. This "application" was sent to appellants by ordinary mail. The hearing took place October 10, 1986, still well within the time that appellants could have filed an answer, if a complaint had been properly served upon them. Civ. R. 12(A)(1). See Stoots v. Huber Mobile Home Park (July 27, 1981), Greene App. No. 1180, unreported, at 6-7.

Even liberally construing the application as a complaint and reversing the parties' names in the caption, see Civ. R. 8(F), would not resolve the problem. Civ. R. 4.1 requires that com-

---

[1] Appellants' claims for money damages remained pending; however, appellants voluntarily dismissed this remaining count for damages on September 28, 1987.

plaints be served either by certified mail, personal service, or residence service. Ordinary mail service, as used by appellees, does not suffice. See *Stoots, supra.*

Pursuant to R.C. 3733.122(C), the court, after the proper procedure of R.C. 3733.122(B) is followed and trial is had, shall order the release to the park operator of rent on deposit with the clerk when it finds at least one of the following conditions to exist: (1) there was no violation of any obligation imposed upon the park operator by R.C. 3733.10, rental agreement, or building, housing, health or safety code; (2) the condition contained in the resident's R.C. 3733.12 notice of non-compliance has been remedied; (3) the resident did not comply with the notice requirement of R.C. 3733.12(A); or (4) the resident was not current in rent payments at the time he initiated rent deposits under R.C. 3733.12(B)(1).

Appellants had not given written notice to the clerk that the condition contained in the R.C. 3733.12(A) notice of noncompliance had been remedied to allow a summary disposition and release of rent deposits. See R.C. 3733.122(A)(1). The court did not allow appellants thirty days to answer appellees' "application." Furthermore, it did not conduct a trial. It did not find, nor properly could it find, without conducting a trial, one of the above enumerated conditions under R.C. 3733.122(C) to exist. The court merely found appellees' application for release of rent deposits well-taken, without stating any ground therefor.

Accordingly, appellants' first assignment of error is found well-taken.

The trial court did not err in not preparing findings of fact and conclusions of law since there was no trial. See Civ. R. 52. Appellants' second assignment of error is found not well-taken.

R.C. 3733.122(C) states if the court finds one of the above enumerated conditions to exist, it "* * * shall order the release to the park operator of rent on deposit with the clerk, *less costs.*" (Emphasis added.) Thus, the park operator is normally assessed costs upon the release of rent deposited. Without specifically finding that "* * * the condition contained in the notice given pursuant to division (A) of section 3733.12 of the Revised Code was the result of an act or omission of the resident[s], or that the resident[s] intentionally acted in bad faith in proceeding under section 3733.12 of the Revised Code * * *," R.C. 3733.122(D), the court cannot assess costs against the residents.

Accordingly, appellants' third assignment of error is found well-taken.

In their fourth, fifth, sixth, seventh, and eighth assignments of error, appellants contend that the trial court erred in granting appellees' motion for summary judgment. Specifically, appellants assert that the trial court erred in finding no justiciable issues existed for declaratory judgment, finding appellants entered lease agreements voluntarily, failing to hear evidence of unconscionable lease clauses, and denying equitable relief. We disagree.

Appellants have not demonstrated how the trial court erred. They have not shown the existence of an actual case or controversy; nor have they shown what rights were in immediate danger of being impaired or lost. See *Schaefer* v. *First Natl. Bank* (1938), 134 Ohio St. 511, 13 O.O. 129, 18 N.E. 2d 263, paragraph three of the syllabus. Thus, where there existed no case or controversy, it was not improper for a court to refuse to hear evidence. Furthermore, since appellants' request for equitable relief was dependent upon their request for declaratory relief, this was properly denied. Additionally, appellants were

not entitled to equitable relief when they had not demonstrated how money damages would not be an adequate remedy. Finally, we fail to find in the court's decision the language regarding entering into the lease agreement which appellants, in their brief, "quote" and argue. The court stated that appellants "* * * attempt to use the remedy of declaratory relief to express their dissatisfaction with leasing agreements which they entered into voluntarily. * * *" We find no error in this statement. In a motion for summary judgment with sufficient supporting evidence by the movants, appellants could not rest upon the mere allegations in their pleadings. *Mathis v. Cleveland Public Library* (1984), 9 Ohio St. 3d 199, 201-202, 9 OBR 511, 514, 459 N.E. 2d 877, 880. Appellants did not rebut the evidence contained in the record upon which the trial court based its conclusions. Therefore, summary judgment was properly granted. Accordingly, appellants' fourth, fifth, sixth, seventh, and eighth assignments of error are found not well-taken.

In their ninth assignment of error, appellants assign error to a judgment journalized December 7, 1987, imposing as sanctions court reporter expenses of $30 and reasonable attorney fees of $250 against appellants. Appellants' notice of appeal and praecipe were filed October 7, 1987, and do not indicate that appellants are appealing the December 7, 1987 journal entry. Nor were the notice of appeal and praecipe amended to include that journal entry. The journal entry is not contained in the record on appeal. Therefore, this court cannot determine the merits of appellants' argument. See App. R. 12(A).

Accordingly, appellants' ninth assignment of error is found not well-taken.

On consideration whereof, this court finds substantial justice was not afforded appellants and the judgment of the Lucas County Court of Common Pleas is affirmed in part, and reversed in part. This cause is remanded to the trial court for further proceedings not inconsistent with this decision.

*Judgment accordingly.*

RESNICK, P.J., CONNORS and HANDWORK, JJ., concur.