OPINION
{¶ 1} Plaintiff-appellants/cross-appellees, residents of a mobile home park, filed a complaint, pursuant to R.C. 3733.10, seeking relief with regard to alleged deficiencies in the mobile home park owned by defendant-appellees/cross-appellants. The trial court granted judgment in favor of the residents with regard to one of the alleged deficiencies and in favor of the owner on the remaining allegations.
 {¶ 2} Both parties contend that the trial court's judgment is against the manifest weight of the evidence. The residents also contend that the trial court erred by failing to grant them immediate injunctive relief and by failing to award them the entire amount requested for attorneys' fees. The owner contends that the trial court erred by ruling that the residents gave sufficient notice of their claims, by permitting attorney fees, and by awarding costs to the residents.
 {¶ 3} We conclude that the evidence supports the trial court's decision with regard to the notice provided by the residents and with regard to the alleged park deficiencies. However, we cannot determine the basis for the trial court's award of fees and costs from this record; therefore, we reverse that part of the judgment awarding fees and costs, and remand these issues for clarification. Finally, we conclude that the trial court erred with regard to the injunctive relief requested by the residents. Accordingly, the judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings in accordance with this opinion.
 I {¶ 4} The plaintiff-appellants/cross-appellees include thirty-six individual residents of Chateau Estates Mobile Home Park (the Park).[1]
In March, 2001, the Association sent notice in the form of a letter to the owner of the park, Chateau Estates, Ltd., regarding problems within the park. The alleged deficiencies set forth in the notice included (1) deteriorating streets, (2) vermin, pest and stray animal problems, (3) poor maintenance, and interruption, of water service, (4) deterioration, and lack of removal, of vacant homes, and (5) lack of recreational areas.
 {¶ 5} Chateau Estates, Ltd. did not respond to the letter. In May, 2001, the Association filed a complaint in the Clark County Municipal Court, pursuant to R.C. 3733.10. In the complaint, the Association listed eight additional deficiencies, with a request that all of the conditions be corrected. The Association also began to deposit monthly lot rental monies with the Municipal Court Clerk.
 {¶ 6} Chateau Estates, Ltd. filed a motion for summary judgment based upon its claim that the March letter did not constitute sufficient notice of the alleged deficiencies, and that it was therefore unable to discern the nature of the alleged problems. This motion was sustained by the magistrate. However, upon objections filed by the Association, the trial court found that the notice contained in the letter was sufficient.
 {¶ 7} The case proceeded to a non-jury trial before the magistrate. Following the trial, the magistrate found that Chateau Estates, Ltd. violated R.C. 3733.10 by failing to maintain the park's water system. The magistrate further found that "the levels of iron and arsenic present in this system are toxic to humans." The magistrate found no violation with regard to the other four claims set forth in the March letter. It appears that the additional eight claims contained in the complaint were not tried to the court.
 {¶ 8} Thereafter, the Association filed a motion seeking to recover $80,629.01 in attorney fees. After a hearing, the magistrate entered a decision awarding $8,100 in attorney fees. Both parties filed objections. The trial court found that the magistrate properly "found that the water system was not providing safe water to the plaintiffs * * *," and that the magistrate's award of attorney fees was reasonable. The trial court ordered Chateau Estates, Ltd. to pay the Association the costs incurred prior to trial for water testing. It further ordered "that [Chateau Estates, Ltd. have] the water tested on a regular basis under the direction of the Ohio E.P.A. * * * [and] if any tests indicate the iron content or the arsenic content are above acceptable levels [Chateau Estates, Ltd.] is ordered to provide safe drinking water to the [Association] until such time as the tests indicate the water is safe for human consumption." Both parties appeal from the judgment of the trial court.
 II {¶ 9} We begin with Chateau Estates Ltd.'s First Assignment of Error:
 {¶ 10} "The Clark County Municipal Court erred when the trial court overturned the magistrate's decision granting defendant summary judgment in favor of defendant [sic]. The magistrate concluded that the plaintiffs' notice of March 12, 2001 was defective and did contain [sic] specific instances of defendant's failure to fulfill its statutory obligation which would allow the court to continue to hold deposited rent."
 {¶ 11} Chateau Estates, Ltd. contends that the trial court should have affirmed the magistrate's finding that the March, 2001 letter from the Association did not constitute sufficient notice of defective conditions. In support, it argues that the letter gave "general" rather than "specific" instances of deficiencies, and thus, did not comply with the notice provisions of R.C. 3733.12.
 {¶ 12} R.C. 3733.12 provides in pertinent part as follows:
 {¶ 13} "Effect of operator's noncompliance with rental agreement or statutes; remedies of resident.
 {¶ 14} "(A) If a park operator fails to fulfill any obligation imposed upon him by section 3733.10 of the Revised Code or by the rental agreement, or the conditions of the premises are such that the resident reasonably believes that a park operator has failed to fulfill any such obligations, or a governmental agency has found that the premises are not in compliance with building, housing, health, or safety codes which apply to any condition of the residential premises that could materially affect the health and safety of an occupant, the resident may give notice in writing to the park operator specifying the acts, omissions, or code violations that constitute noncompliance with such provisions. The notice shall be sent to the person or place where rent is normally paid."
 {¶ 15} "[T]he statutory scheme contemplates notice sufficiently specific to enable the park operator to discern the nature of the alleged problem and to remedy the problem within a reasonable period of time. R.C. 3733.12. The provisions of R.C. 3733.12(A) have been construed to require notice of `specific instances' of the park operator's failure to fulfill its statutory obligations as a prerequisite to the court being able to continue to hold the deposited rent." Gettysburg HomeownersAssn. v. Ellenburg Capital Corp. (1992), 80 Ohio App.3d 555, 558, citations omitted.
 {¶ 16} We have reviewed the letter and find it to be clear and concise. Not only does it state the requirements set forth in R.C. 3733.10, it also makes specific reference to the deterioration of the streets and vacant homes, the failure to remove vacant homes, vermin and pest problems, lack of maintenance of the water system, and the failure to provide safe recreational areas. It is not clear to us what more Chateau Estates, Ltd. would require in a notification letter. We do not construe the statute to require that the tenants mark and identify each and every street pothole within the park, or that they tag each animal that strays into the park. Further, we do not agree with the owner's contention that the notice was proven deficient by the fact that the trial court found in its favor on four of the alleged deficiencies. This type of argument would require a trial court to wait until all the issues in a case were tried before it could make a determination as to the sufficiency of a statutory notice. We agree with the trial court that the letter was sufficiently specific to place Chateau Estates, Ltd. on notice and to apprise it of the alleged deficiencies. Accordingly, Chateau Estates, Ltd's. First Assignment of Error is overruled.
 III {¶ 17} We now consider the Association's Second Assignment of Error and Chateau Estates Ltd.'s Second Assignment of Error, which are, respectively, as follows:
 {¶ 18} "The trial court erred in failing to find appellee violated R.C. 3733.10 with respect to appellee's failure to maintain the streets and sidewalks at the park, Appellee's failure to rid the park of vermin, pests, and stray animals, and appellee's failure to remove deteriorating vacant homes."
 {¶ 19} "The Clark County Municipal Court erred when it concluded that the water system was not providing safe water as the levels of iron and arsenic were above minimum acceptable levels. The magistrate's conclusion does not concur with the findings of the Ohio EPA in its report dated January 23, 2002."
 {¶ 20} Essentially, both parties argue that the trial court's decision is against the manifest weight of the evidence with regard to the respective portions of the decision not in their favor. Specifically, the Association contends that the evidence supports a finding that the owner violated R.C. 3733.10 with regard to all the deficiencies set forth in their letter of notification, while the owner contends that the evidence supports a finding that it properly maintained the water system, and that the water was safe.
 {¶ 21} We must defer to the trial court as the finder of fact, insofar as the trial court is in the best position to weigh the credibility of the witnesses. Seasons Coal Co., Inc. v. Cleveland
(1984), 10 Ohio St.3d 77, 80. The decision of that trier of fact will not be reversed as being against the manifest weight of the evidence as long as it is supported by some competent, credible evidence going to each of the essential elements of the case. C.E. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279, syllabus.
 {¶ 22} We have reviewed the entire trial transcript. We first note that the majority of the 760-page transcript is focused on evidence regarding the quality of the water in the park. In fact, large segments of the record are devoted to testimony regarding water test results. The record is also replete with testimony indicating that the water is orange in color, has obvious sediment, tastes "funny," has an odor, and discolors clothing. There is ample evidence indicating that the park's water system contained elevated levels of arsenic and iron. Additionally, the record contains expert testimony sufficient to support a finding that the iron and arsenic levels in the water are toxic to humans.
 {¶ 23} We have also reviewed the Association's claim that the record supports its claims regarding the park's deficiencies. We agree with the trial court that the record does not permit a finding that the streets and sidewalks are unsafe or unpassable or that the owner has failed to maintain and repair them. Also, the record does not support the Association's claim that the park has a problem with vermin, pests or stray animals. We also conclude that the record supports the trial court's finding that the owner removed any vacant homes within a reasonable time. Finally, the evidence demonstrates that the park does have recreational facilities consisting of a pool and community buildings, and we found no evidence to demonstrate that either facility is in disrepair.
 {¶ 24} Based upon the foregoing, we conclude that the record demonstrates evidence sufficient to support the findings of the trial court regarding the park and the deficiencies cited in the Association's letter. Accordingly, the Association's Second Assignment of Error is overruled. Likewise, the Second Assignment of Error of Chateau Estates, Ltd. is overruled.
 IV {¶ 25} The Association's First Assignment of Error is as follows:
 {¶ 26} "The trial court erred in failing to provide appellants immediate relief for appellee's violation of R.C. 3733.10."
 {¶ 27} The Association contends that the trial court should have required Chateau Estates, Ltd., to provide an immediate alternate source of drinking water to the residents of the Park. It further contends that the trial court erred by permitting Chateau Estates, Ltd., to conduct water testing under the direction of the Ohio Environmental Protection Agency, rather than through an independent laboratory, and that it further erred by failing to require testing of the water on at least a monthly basis.
 {¶ 28} R.C. 3733.10 is remedial in nature. It authorizes the trial court to order Chateau Estates, Ltd. to remedy deficiencies. See R.C.3733.10(B). In this case, the trial court ordered that the rents continue to be deposited with the court until such time as the owner enters "into a binding contract to tie into a municipal water system as it indicated it was going to do." The trial court also ordered that the water be tested "on a regular basis under the direction of the Ohio E.P.A. * * *" and further ordered that "if any tests indicate the iron content or the arsenic content are above acceptable levels [Chateau Estates, Ltd.] is ordered to provide safe drinking water to the Plaintiffs until such time as the tests indicate the water is safe for human consumption." Finally, the trial court also ordered that a portion of the funds on deposit with the Clerk of Courts be released to the owner for the purpose of making some improvements to the water system.
 {¶ 29} It appears from this order that the trial court did intend to provide immediate relief to the Association members. However, we agree that the order is somewhat vague with regard to both the frequency of the testing to be performed on the water, as well as to the method by which the owner is required to provide alternate water. While it would seem — given the magnitude of the problem with the water system — that the water should be tested on a strict, regular and frequent basis, it is impossible to determine from the trial court's order how often the water is to be tested. The term "regular basis," as used with reference to the testing, could be construed to mean monthly testing, or it could be construed as requiring one annual test. Furthermore, the order does not contain any provision regarding a time frame for making improvements to the system. Additionally, the order is not clear with regard to providing immediate relief for the Association members. Some type of immediate relief is necessary, whether that relief is the providing of an alternate source of water or simply disbursing funds from the escrow account to permit the residents to purchase bottled water. The trial court's order is not clear as to the prescribed remedy for the violation it has found. Therefore, we conclude that this issue must be remanded to the trial court with instructions to enter an order specifying the terms for testing the water, for remedying the underlying problem, and for providing short-term, immediate relief to the residents.
 {¶ 30} The Association's First Assignment of Error is sustained.
 V {¶ 31} Chateau Estate's Third Assignment of Error is as follows:
 {¶ 32} "The Clark County Municipal Court erred when it granted plaintiffs attorney fees under O.R.C. § 3733.10(B). An award of attorney fees under O.R.C. § 3733.10(B) is part of the damages element of plaintiffs' case and should have been brought before the court during the trial and not after the filing of the magistrate' [sic] decision unless the plaintiffs requested a bi-furcation [sic] of the issue. Moreover, the award of attorney fees must correlate with the number of claims successfully litigated in relation to the total number of claims asserted."
 {¶ 33} Chateau Estates Ltd. contends that in actions filed pursuant to R.C. 3733.10, an award of attorney fees "is in the nature of damages and not costs, is a part of plaintiffs' case in chief and must be argued as such." It contends that the trial court erred in awarding fees, since the Association did not pursue an award of fees during trial but instead filed a separate motion seeking fees. Chateau Estates, Ltd. further argues, alternatively, that the trial court did not abuse its discretion in awarding the Association less than the amount requested in fees.[2]
 {¶ 34} R.C. 3733.10(B) provides that if a park operator violates any provision of R.C. 3733.10, a tenant "* * * may recover actual damages resulting from the violation * * * and injunctive relief to prevent the recurrence of the conduct, and if he obtains a judgment, reasonable attorneys' fees * * *".
 {¶ 35} As noted by Chateau Estates Ltd., the Tenth District Court of Appeals has interpreted language similar to that in R.C. 3733.10(B) to mean that attorneys' fees are in the nature of damages rather than costs. See, Dyche Real Estate Fund v. Graves (1978), 55 Ohio App.2d 153. Additionally, the owner notes that in Fay Gardens Mobile Homes Parks v.Newman (1983), 14 Ohio App.3d 144, the Twelfth District Court of Appeals has held that an award of attorney fees is an element of damages, not costs. Id., paragraph one of the syllabus.
 {¶ 36} We disagree. We find the dissenting opinion in Fay Gardens
more persuasive. In that dissent, Judge Whiteside opined as follows:
 {¶ 37} "In finding the determination of attorney fees to be damages which are submitted to the jury for determination, the majority [in Fay Gardens] relies upon the Tenth Appellate District case of DycheReal Estate Fund v. Graves (1978), 55 Ohio App.2d 153, 380 N.E.2d 767. The Dyche decision, in which the writer participated as a member of the panel, did so state, although such determination was not necessary, as no attorney fees could be awarded since no damage was found by the jury; but the court did sustain the assignment of error relating to the issue. Unfortunately, the Dyche court did not analyze the issue and made no comment other than that `[t]he award of attorney fees pursuant to this statute is in effect a part of the damages awarded to the tenant for the proving of the landlord's proscribed acts.' Dyche, supra, at 155. The Eighth District Court of Appeals has reached a contrary conclusion [inDrake v. Menczer, infra]. Upon further reflection, the writer of this dissent recognizes the validity of the analysis of the Eighth District Court of Appeals in arriving at the conclusion that an award of attorney fees * * * is a matter to be committed to the discretion of the trial court, rather than the jury, as part of the costs of the action. SeeDrake v. Menczer (1980), 67 Ohio App.2d 122, 425 N.E.2d 961
[21 O.O.3d 429], wherein it is stated at page 124:
 {¶ 38} `Traditionally, when a statute authorizes the award of attorneys' fees, it does so by allowing the fees to be taxed as costs. See, e.g., R.C. 163.21, 309.13 and 733.61. See, also, Sorin v. Bd. ofEdn. (1976), 46 Ohio St.2d 177, 347 N.E.2d 527; Billington v. Cotner
(1974), 37 Ohio St.2d 17, 305 N.E.2d 805; State, ex rel. Michaels, v.Morse (1956), 165 Ohio St. 599, 607, 138 N.E.2d 660. Interestingly, inSorin v. Bd. of Edn., supra, 46 Ohio St.2d at page 180, the court cited R.C. 1313.51 as a statute which provides "for the recovery of attorney fees, as part of the costs of litigation" (emphasis added), despite the fact that R.C. 1313.51 does not specify how the award of fees is to be made.'
 {¶ 39} `We find a similar approach to be appropriate here. * * * In our view, had the legislature intended attorneys' fees to be considered a part of the awardable damages, the statute would read "actual damages including reasonable attorneys' fees." The present language necessitates a conclusion that attorneys' fees are not awardable as damages. * * * See, also, Lewis v. Romans (1980), 70 Ohio App.2d 7,433 N.E.2d 622, and Sherwin v. Cabana Club Apartments (1980),70 Ohio App.2d 11, 433 N.E.2d 932.'
 {¶ 40} "* * * R.C. 3733.10(B) provides in part that: `* * * the tenant may recover actual damages resulting from the violation * * * and if he obtains a judgment, reasonable attorneys' fees, * * *.' This language clearly connotes that the attorney-fees award is not part of the actual damages, both because of the language used and because of the requirement that a judgment for actual damages be recovered before the award of attorney fees is proper." Fay Gardens Mobile Home Park v.Newman (1983), 14 Ohio App.3d 144, 153-154.
 {¶ 41} We agree and construe the language contained in R.C. 3733.10
to permit a request for attorney fees following judgment. We further construe the statute to make attorney fees taxable as costs, rather than including them as part of the award of damages.
 {¶ 42} Chateau Estate's Third Assignment of Error is overruled.
 VI {¶ 43} The Association's Third Assignment of Error provides as follows:
 {¶ 44} "The trial court erred in failing to award appellants attorney fees that were reasonable and proportionate to the services performed by appellants' counsel."
 {¶ 45} The Association contends that the trial court's award of attorneys' fees was unreasonable and disproportionate to the amount of time spent prosecuting its claims. The Association further claims that the trial court failed to make a determination as to the number of hours expended by counsel.
 {¶ 46} We have reviewed the magistrate's order with regard to the award of attorney fees, and we agree with the Association that it is impossible to determine the basis for the decision. Other than generalized language that the amount was based upon "a balancing of the hours expended on the case, the type of case, and the outcome of the case * * *," there is no explanation for the amount of the award. It appears that the award may have been reduced to represent the fact that the Association was awarded judgment with regard to only one of its claims. However, we note that the extent of the reduction would be erroneous given the fact that the overwhelming majority of the time and attention of counsel in this case and at trial was devoted to the water safety issues.
 {¶ 47} We have reviewed the transcript of the hearing on the request for fees and find that there is evidence to support an award of fees. Furthermore, while it would appear that $8,100 is indeed a low amount to award for a complex case that included five days of trial and numerous hours of discovery, we cannot resolve this issue, and ourselves determine the proper amount of attorneys fees to award, based upon the record before us. Therefore, the award of attorneys fees must be reversed, and this cause must be remanded for reconsideration of that issue.
 {¶ 48} The Association's Third Assignment of Error is sustained.
 VII {¶ 49} The Fourth Assignment of Error raised by Chateau Estates, Ltd. provides:
 {¶ 50} "The Clark County Municipal Court erred in its decision entry ordering Chateau Estates to pay the plaintiffs' testing costs. No evidence of the plaintiffs' costs have been presented as evidence and Chateau Estates has not had any opportunity to review the costs or cross-examine anyone on their authenticity and reasonableness."
 {¶ 51} Chateau Estates, Ltd. contends that the Association failed to submit any evidence regarding the amount of the costs associated with the water tests conducted on behalf of the Association and that the trial court, thus, erred in awarding these costs to the Association.
 {¶ 52} Chateau Estates, Ltd. was ordered to pay all water testing costs incurred by the Association prior to trial. From our review of the record, it appears that one of the exhibits introduced at the hearing on the motion for attorneys' fees, specifically a ledger sheet showing fees charged, payments received, and disbursements, includes amounts paid to the two water testing laboratories, but it is unclear whether these amounts are for testing costs or whether they represent fees paid for expert testimony by laboratory employees. Additionally, there is testimony from at least one Association member that there were costs associated with the testing.
 {¶ 53} Although the magistrate's decision indicates that the costs were "established generally in the Plaintiffs' motion for attorney fees," neither the decision of the magistrate nor that of the trial court states the amount awarded to the Association with regard to costs relating to water testing conducted at the behest of the Association, and we are unable to find any evidence with regard to the exact amounts paid by the Association for testing. Likewise, we are unable to find any evidence to support a finding that the costs were reasonable or necessary. Therefore, we are unable to determine the basis for the trial court's award of these costs, and this issue also must be remanded for a clarification by the trial court of the basis, if any, for the an award. Chateau Estates' Fourth Assignment of Error is sustained.
 VIII {¶ 54} Chateau Estates, Ltd.'s First, Second and Third Assignments of Error having been overruled; its Fourth Assignment of Error having been sustained; the Association's Second Assignment of Error having been overruled; and its First and Third Assignments of Error having been sustained, that part of the judgment of the trial court pertaining to the proper remedy for the deficiencies found in Chateau Estates, Ltd.'s provision of water to its tenants, and that part of its judgment awarding attorneys fees and the costs of water testing to the Association, are reversed; the judgment of the trial court is affirmed in all other respects; and this cause is remanded for further proceedings consistent with this opinion.
GRADY and YOUNG, JJ., concur.
[1] The individual plaintiffs are members of the Non-Employees of Chateau Estates Residents Association, which is also a plaintiff-appellant/cross-appellee in this case. For ease of reference we will collectively refer to the individuals and the Association as the Association.
[2] As noted in Part VI, below, we cannot make a determination, based upon the record before us, whether the trial court abused its discretion in awarding fees.